Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
fjrooks@jacobsonrooks.com                    Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBIN ANDERSON** : No. <br> : <br> Plaintiff, : <br> v. : <br> : <br> **SOUTH JERSEY TRANSIT AUTHORITY** : <br> : **COMPLAINT** <br> : <br> Defendant : | |

## PRELIMINARY STATEMENT

Robin Anderson (the "Plaintiff"), by and through her counsel, brings this lawsuit against the South Jersey Transit Authority (the "Defendant"), seeking all available relief under the Americans with Disabilities Act and the New Jersey Law Against Discrimination for the Defendant's failure to comply with the both Acts' accessibility requirements.  Plaintiff is seeking injunctive relief under the Americans with Disabilities Act to require the Defendant to remove the accessibility barriers which exist at its parking facility.  Plaintiff is seeking compensatory relief under the New Jersey Law Against Discrimination.  The allegations contained herein are based on personal experience of the Plaintiff.

## I. JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1, *et. seq*.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction to entertain the State law causes of action under 28 U.S.C. § 1367(a).

## II. VENUE

4. All actions complained of herein took place within the jurisdiction of the United States District Court for the District of New Jersey.

5. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III. PARTIES

6. Plaintiff is an adult female who currently resides in Burlington County, New Jersey.

7. Plaintiff is an individual with a disability as defined by the ADA and NJLAD.

8. The Defendant is a quasi-private agency created by the New Jersey Legislature in 1991 to manage transportation-related services in the South Jersey.

## IV. STATEMENT OF FACTS

*The Defendant's' Parking Facility*

9. Defendant operates a parking garage located at 19 South New York Avenue, Atlantic City, New Jersey (the "Parking Facility").[1]

10. The Defendant is a public entity.

---

[1] https://www.sjta.com/sjta/parking.asp

11. For a fee, an individual can park his or her vehicle at the Parking Facility.

12. The Parking Facility has in excess of one-hundred (100) parking spaces.

13. On the second level of the Parking Facility, there are parking spaces which have a sign designating them "Disabled Parking."

14. None of the parking spaces that are designated as "Disabled Parking" have any adjacent access aisles.

15. None of the parking spaces that are designated as "Disabled Parking" are wide enough to accommodate a van.

16. None of the signs which design the parking spots as "Disabled Parking" are mounted sixty inches (60") above the ground.

17. The Parking Facility is served by an elevator and a set of stairs.

18. The handrails on the stairs do not extend twelve inches (12") over the landing at the top of each flight of stairs.

<u>*The Plaintiff*</u>

19. The Plaintiff has multiple sclerosis ("MS"), an auto-immune disease of the central nervous system.

20. The Plaintiff has difficulty walking.

21. The Plaintiff possesses a parking placard issued by the State of New Jersey which indicates that she is an individual with a disability.

22. The Plaintiff's parking placard permits her to park her vehicle in spaces designated as being reserved for individuals with disabilities.

23. Plaintiff parks her vehicle in a parking garage or lot when on-street parking is not available.

24. The Plaintiff has previously patronized the Parking Facility, but is currently deterred by the lack of properly dimensioned accessible parking places.

## THE NEW JERSEY LAW AGAINST DISCRIMINATION

25. The New Jersey Law Against Discrimination ("NJLAD") provides that "[a]ll persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation" without discrimination on the basis of disability. N.J.S.A. 10:5-4.

26. In interpreting the LAD in disability discrimination claims, "federal law has consistently been considered for guidance." Borngesser v. Jersey Shore Med. Ctr., 340 N.J. Super. 369, 380, (App. Div. 2001).

27. The NJLAD prohibits discrimination on the basis of a disability. N.J.S.A. 10:5-12(a).

28. Under the NJLAD, "'disability' means physical disability, infirmity, malformation or disfigurement which is caused by bodily injury, birth defect or illness including epilepsy and other seizure disorders, and which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, muteness or speech impediment or physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device, or any mental, psychological or developmental disability, including autism spectrum disorders, resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental functions or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques." N.J.S.A. 10:5-5(q)(a).

29. The New Jersey Administrative Code provides examples of reasonable accommodations, which include, "[p]roviding accessible entrances, walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps, clear floor paths through lobbies, corridors, rooms, and other areas, parking access aisles, and accessible elevators and lifts." N.J.A.C. 13:13–4.12(a)(8).

30. Under the NJLAD, it shall be an unlawful discrimination for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof. N.J.S.A. 10:5-12.

31. The NJLAD is intended to insure that individuals with disabilities will have 'full and equal access to society, limited only by physical limitations they cannot overcome'" Franek v. Tomahawk Lake Resort, 333 N.J. Super. 206, 217, (App. Div. 2000).

32. Under the NJLAD, damages are available for "[t]e personal hardships include: economic loss; time loss; physical and emotional stress; and in some cases severe emotional trauma, illness, homelessness or other irreparable harm resulting from the strain of employment controversies; relocation, search and moving difficulties; anxiety caused by lack of information, uncertainty, and resultant planning difficulty; career, education, family and social disruption; and adjustment problems, which particularly impact on those protected by this act." N.J.S.A. 10:5-3.

### THE AMERICANS WITH DISABILITIES ACT

33. Congress enacted the Americans with Disabilities Act ("ADA") in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination

of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

34. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

35. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

36. A "public entity" includes any state or local government, as well as any department, agency, special purpose district, or other instrumentality of a State its local government. 42 U.S.C. § 12131(1).

37. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

38. "Facility" means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

*Accessible Parking under the ADA*

39. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for accessible parking spaces:[2]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2% of the total number of parking spaces |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

40. The ADA requires that parking spaces which are reserved for individuals with disabilities be at least 96 (ninety-six) inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[3]

41. The width of a parking space is measured from the center of each parking line bordering the parking space.[4]

42. For cars, the ADA requires that there be an access isle for the accessible parking space that is at least 60 (sixty) inches wide.

---

[2] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282
[3] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[4] Id.

43. For vans, the ADA requires that there be an access aisle for the accessible parking space that is at least 96 (ninety-six) inches wide.[5]

44. The 2010 ADA regulations state that one in every six accessible spaces must be van accessible.[6]

45. The path a person with a disability takes to enter and move through a facility is called an "accessible route."[7]

*Accessible Routes under the ADA*

46. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.[8]

47. This route, which must be at least three feet wide, must remain accessible and not be blocked.[9]

48. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility.[10]

49. Accessible routes must connect parking spaces to accessible entrances.[11]

---

[5] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#van
[6] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[7] http://www.ada.gov/regs2010/titleII_2010/title_ii_primer.html
[8] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#3. MISCELLANEOUS
[9] Id.
[10] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.3
[11] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

50. ADA accessibility standards require that accessible parking spaces in a parking garage be located on the shortest accessible route from adjacent parking to the accessible entrance of the building.[12]

51. ADA Guidance Standards provide that "[a] "path of travel" includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility."[13]

52. "An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements."[14]

*Signage and the ADA*

53. Parking spaces that are reserved for use by individuals with disabilities must be designed as "reserved" by displaying the International Symbol of Accessibility.

54. Directional signage must be used at inaccessible entrances to provide directions to the nearest accessible route.

55. Signs that designate that parking spaces are reserved for use by individuals must be mounted sixty inches (60") above the finished floor or ground surface.[15]

---

[12] http://www.ada.gov/adata1.pdf
[13] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#curbramps
[14] Id.
[15] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

*Stairs and Handrails*

56. At the top of each flight of stairs, handrails shall extend a minimum of twelve inches (12") horizontally above the landing, beginning directly above the first riser nosing.[16]

57. At the bottom of a stair flight, handrails shall extend at the slope of the stair flight for a horizontal distance at least equal to one tread depth beyond the last riser nosing.[17]

## COUNT I –

## FAILURE TO PROVIDE THE PROPER ACCESSIBLE PARKING SPACES

58. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

59. At all times mentioned herein, Plaintiff is entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A which prohibits discrimination by any public entity as defined by 42 U.S.C. §12131.

60. The United States Supreme Court recognized the term "major life activities" includes walking. Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

61. The Plaintiff is a disabled individual within the meaning of the ADA and NJLAD.

62. The major life activity that the constitutes the Plaintiff's disability is his difficulty walking distances.

63. The Defendant failed to provide any sixty inch (60") adjacent access aisles for each parking space that was designated as "Disabled Parking."

64. The Defendant failed to provide any parking spaces that were designated as being van accessible for individuals with disabilities.

---

[16] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[17] See Id.

65. The Defendant failed to provide any parking spaces that were labeled as being van accessible for individuals with disabilities, which had an accompanying ninety-six inch (96") wide adjacent access aisle.

66. The Parking Facility's failure to provide properly dimensioned accessible parking spots for individuals with disabilities has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

67. The Defendant can remedy its non-compliance with the parking requirements of the ADA and NJLD by restriping the parking surface with the proper parking space dimensions.

68. The Defendant can remedy its non-compliance with the parking requirements of the ADA and NJLAD by designating existing parking spaces to be accessible for individuals with disabilities who drive vans.

69. The Defendant's failure to comply with the ADA and the NJLAD has excluded the Plaintiff from participation in the benefits of services, programs or activities of a public entity.

70. The Defendant has discriminated against the Plaintiff by its failure to comply with the ADA and NJLAD.

71. The Defendant's failure to comply with the ADA and NJLAD has created a hardship for the Plaintiff.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendant to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes,

compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendant as the Court deems just and proper.

## COUNT II-

## FAILURE TO MAINTAIN PROPER STAIR RAILINGS

72. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

73. The Parking Facility has a set of stairwells near the elevator.

74. The Parking Facility's stairwells do not have the proper handrail length at the top of stair flights.

75. The handrails do not extend twelve inches (12") over the landing at the top of each flight of stairs.

76. The Defendant's failure to install the proper handrail lengths at the tops of each flight of stairs has created a safety issue and an accessibility issue.

77. The Defendant can remedy its non-compliance by installing the hand rails that extend twelve inches (12") over the landing at the top of each flight of stairs.

78. The Defendant has discriminated against the Plaintiff by its failure to comply with the ADA and NJLAD.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendant to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendant as the Court deems just and proper.

## **COUNT III**

### **FAILURE TO COMPLY WITH THE SIGNAGE REQUIRMENTS FOR ACCESSIBLE PARKING**

79. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

80. The Parking Facility does not have signs indicating that parking spaces are reserved for individuals with disabilities that are mounted sixty inches (60") from the ground for each sign which reads "Disabled Parking."

81. The Parking Facility does not have any marked accessible routes.

82. The Defendant can remedy its non-compliance by reallocating existing parking spaces and painting border lines which conform to the dimensional requirements of the ADA for accessible parking spaces and access aisles.

83. The Defendant's failure to comply with the ADA and NJLAD has excluded the Plaintiff from participation in the benefits of services, programs or activities of a public entity.

84. The Defendant has discriminated against the Plaintiff by its failure to comply with the accessible parking requirements of the ADA and the NJLAD.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendant to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendant as the Court deems just and proper.

Respectfully submitted,

By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
fjrooks@jacobsonrooks.com
Attorney for Plaintiff
Dated: October 10, 2017

## **CERTIFICATE OF SERVICE**

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF system.

Respectfully submitted,

By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
fjrooks@jacobsonrooks.com
Attorney for Plaintiff
Dated: October 10, 2017